

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-22-00066-CR

ZACHERY RENE LAMAS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 242nd District Court
Hale County, Texas,
Trial Court No. B21040-1903, Honorable Kregg Hukill, Presiding

February 15, 2023

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Appellant was convicted by a jury of one count sexual assault of a child;[1] because of that and prior convictions, he was sentenced to seventeen years of confinement. In his appeal, his counsel filed an *Anders*[2] brief in support of a motion to withdraw. We grant counsel's motion and affirm the judgment of the trial court.

---

[1] *See* TEX. PENAL CODE ANN. § 22.011(a)(2), (f) (a second-degree felony). Punishment was enhanced by a prior conviction for the offense of aggravated assault with a deadly weapon in 2014. *See id.* at § 12.42(b).

[2] *See Anders v. California*, 386 U.S. 738, 744 (1967).

The record reflects that between December 2017 to February 2018, Appellant (23 years old) was engaged in a nonconsensual sexual relationship with B.G. (14 years old). During that time, Appellant was living with B.G.'s family and working in her stepfather's business. B.G. had been writing letters to her friends about her sexual relationship with Appellant, and her stepfather found the letters. B.G. confessed to her mother about the sexual relationship and testified at trial about sexual acts Appellant forced her to perform. Moreover, B.G.'s mother testified that Appellant confessed to engaging in sex with B.G. despite knowing her age.

Appellant's counsel has certified that after diligently searching the record, he has conducted a conscientious examination of the record and, in his opinion, the record reflects no reversible error upon which an appeal can be predicated. *Anders*, 386 U.S. at 744; *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). Appellant's counsel informed Appellant of his right to file a pro se response and provided Appellant with copies of his motion to withdraw, his *Anders brief*, and the appellate record. *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014) (specifying counsel's obligations on the filing of a motion to withdraw supported by an *Anders* brief). By letter, this Court also advised Appellant of his right to file a pro se response to counsel's *Anders* brief. To date, Appellant has not filed a response.

We have carefully reviewed counsel's *Anders* brief and conducted an independent review of the record to determine whether there are any nonfrivolous issues that were preserved in the trial court which might support an appeal. Like counsel, we conclude there are no plausible grounds for appellate review. *See Penson v. Ohio*, 488 U.S. 75, 80 (1988); *In re Schulman*, 252 S.W.3d at 409; *Gainous v. State*, 436 S.W.2d 137, 138

2

(Tex. Crim. App. 1969). Therefore, we grant counsel's motion to withdraw and affirm the judgment of the trial court.[3]

Conclusion

The trial court's judgment is affirmed.

Lawrence M. Doss
Justice

Do not publish.

---

[3] Counsel shall, within five days after this opinion is handed down, send Appellant a copy of the opinion and judgment, along with notification of Appellant's right to file a pro se petition for discretionary review. *See* TEX. R. APP. P. 48.4. This duty is an informational one, not a representational one. It is ministerial in nature, does not involve legal advice, and exists after this Court grants counsel's motion to withdraw. *In re Schulman*, 252 S.W.3d at 411 n. 33.